﻿Citation Nr: AXXXXXXXX
Decision Date: 01/30/20 Archive Date: 01/30/20

DOCKET NO. 190503-8688
DATE: January 30, 2020

REMANDED

Entitlement to service connection for a right ear hearing loss disability is remanded.

REASONS FOR REMAND

The Veteran had active naval service from September 1969 to January 1971, with additional active service in the Army National Guard from November 1973 to April 1979, and April 1987 to April 1997. The Veteran also had periods of active duty for training (ACDUTRA) and inactive duty for training (INACDUTRA) while serving in the Army National Guard. In May 2018, the Veteran elected the modernized review system. 38 C.F.R. § 19.2(d) (2019). The Veteran selected the Higher-Level Review lane when he opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. The rating decision on appeal was issued in July 2018 and considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

The Veteran has contended that his right ear hearing loss disability is related to his in-service noise exposure. In the July 2018 rating decision, the AOJ found that the Veteran sustained acoustic trauma during active service and had a right ear hearing loss disability for VA purposes. 38 C.F.R. § 3.385 (2019). The Board is bound by these favorable findings. 38 C.F.R. § 3.104(c) (2019).

Service treatment records (STRs) revealed that the Veteran had right ear hearing loss upon entrance in May 1969. Specifically, the Veteran’s right ear auditory threshold was 30 decibels at 4000 Hz which the service examiner noted as defective hearing. Periodic National Guard audiograms showed decreased right ear hearing acuity in November 1977, February 1991, and December 1994. 

In April 2017, the Veteran was afforded a VA audiological evaluation followed by an addendum opinion. The examiner opined that the Veteran’s right ear hearing loss disability was less as likely as not caused by or the result of noise exposure during service. Additionally, the examiner opined that the Veteran’s pre-existing hearing loss was not aggravated beyond normal progression by his active service. In this regard, the examiner found that there was no significant threshold shift/ progression/aggravation from enlistment in May 1969 to post-active duty in 1977. The examiner stated that this was objective evidence that there was no permanent auditory damage from noise exposure during service. The examiner concluded that any right ear hearing loss while serving in the National Guard was at least as likely as not related to the Veteran’s post-service occupational noise exposure in textiles rather than noise on weekend drill. 

The Board finds the April 2017 VA medical opinion inadequate for adjudication purposes. Namely, the examiner did not consider the Veteran’s full 23 years of active duty, ACDUTRA, and INACDUTRA service. Moreover, the examiner rendered two opinions which did not adequately address whether the Veteran’s right ear hearing loss disability clearly and unmistakably preexisted service. Accordingly, the Board finds that the Veteran should be provided a new VA examination to determine the nature and etiology of any currently present right ear disability.

The matters are REMANDED for the following action:

Schedule the Veteran for a VA examination to determine the nature and etiology of any currently present right ear hearing loss disability. The claims file must be made available to, and reviewed by the examiner. Any indicated studies should be performed.

Based on the examination results and the review of the record, the examiner should state whether a right ear hearing loss disability clearly and unmistakably existed prior to the Veteran’s active service. In responding to this question, the examiner is advised that “clear and unmistakable” means that the conclusion is undebatable, unconditional, and unqualified, and cannot be misinterpreted or misunderstood. 

In forming the opinion, the examiner most note that the Veteran’s lay statements alone are not a sufficient basis to support a finding that right ear hearing loss disability clearly and unmistakably existed prior to service. Additionally, the lack of medical treatment or diagnosis of a right ear hearing loss disability during service alone is not a sufficient basis to determine that a right ear hearing loss disability was clearly and unmistakably not aggravated during active service. 

If a right ear hearing loss disability clearly and unmistakably existed prior to service, the examiner should provide an opinion as to whether a right ear hearing loss disability was clearly and unmistakably NOT aggravated by hazardous noise exposure during the Veteran’s active service. The examiner must comment on the likelihood that the loud noises experienced by the Veteran resulted in damage to auditory hair cells even though findings may or may not suggest a recovered temporary threshold shift in service. If auditory hair cell damage is found to be a likely result of the military noise exposure, please comment on the likelihood that such damaged hair cells would result in a greater permanent hearing loss than otherwise would be manifest.

If a right ear hearing loss disability did NOT clearly and unmistakably exist prior to service, the examiner should provide an opinion as to whether it is at least as likely as not (50 percent or better probability) that a right ear hearing loss disability is etiologically related to hazardous noise exposure during the Veteran’s active service. The examiner must comment on the likelihood that the loud noises experienced by the Veteran resulted in damage to auditory hair cells even though findings may or may not suggest a recovered temporary threshold shift in service. If auditory hair cell damage is found to be a likely result of the military noise exposure, please comment on the likelihood that such damaged hair cells would result in a greater permanent hearing loss than otherwise would be manifest. 

The rationale for all opinions expressed must be provided.

 

 

Kristin Haddock

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D. Ware, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.